[No. 38860.    En Banc.    July 20, 1967.]

FRANCES ELLIOTT SOHOL, *Appellant,* v. ROBERT J. CLARK *et al., Respondents.**

*Reported in 430 P.2d 548.

*Erik Froberg,* for appellant.

*The Attorney General* and *Milton C. Smith, Assistant,* for respondents.

HUNTER, J.—This action was instituted by Frances Elliott Sohol (plaintiff-appellant), an unemancipated Quinault Indian, to restrain a personal property tax sale and collection of a tax levied by Clallam County (defendant-respondent) against alleged personal property, including the buildings, improvements and furnishings of the Shoreline Resort, which is located at LaPush, Washington on the Quileute Indian Reservation.

The plaintiff became a lessee of this trust patent land of the Quileutes in 1963 by assignment from Wilbur Nowalk, who, together with Marcus Westby (both non-Indians), had operated the resort facility thereon for a number of years. At the time of the assignment there was approximately 7 years left to run on the current 10-year Nowalk-Westby lease dated to commence from January 1, 1961. The lease agreement itself, however, was dated March 8, 1961 and executed in reference to an undated tribal resolution to make a new lease; since the previous one had expired by its own terms on December 31, 1960. Final approval to the lease agreement was given by the Bureau of Indian Affairs on August 29, 1961.

The plaintiff agreed to pay $34,000 for the assignment and made the initial down payment of $5,500 from trust funds released to her by the federal government. These funds, representing the proceeds from the sale of timber on patented lands held in trust for the plaintiff by the United States in the Quinault Reservation, were admitted by counsel in the oral argument of the case to be free from any restrictions on use. The plaintiff has made installment payments on the remainder of the purchase price from the receipts of the resort and has also paid to the Quileute Tribe from this source the annual ground rental of $750.

The record discloses that when the plaintiff took possession under the lease in 1963, certain buildings and improvements, consisting primarily of rental cabins, had been placed on the land or constructed by the previous lessees, Nowalk and Westby, during the leasehold which expired December 31, 1960. Various furnishings were also left for use by the plaintiff in operating the resort.

In 1964 Clallam County, under RCW 84.04.080, characterized all the resort buildings, improvements and furnishings as *personal* property and levied a tax against the property in the amount of $399.84. The plaintiff then initiated this action and obtained an order temporarily enjoining the enforcement of the county's tax lien pending a trial on the merits.

At trial the plaintiff asserted that the temporary injunction should be made permanent primarily on the basis that the improvements were essentially a part of the realty, and affected by the trust imposed by the United States for the Quileute Tribe; that consequently the improvements were exempt from taxation by state authorities.

The trial court considered that for tax purposes the interest of the plaintiff in the buildings, improvements and furnishings was that of a lessee, unaffected by any trust in favor of the Quileute Tribe; that the property could be considered personalty under RCW 84.04.080 if it were so treated by the plaintiff and all interested parties to the lease. To aid in this determination, the trial court examined the 1961 Bureau of Indian Affairs lease form which contained the following general provision concerning improvements:

1. IMPROVEMENTS:—Unless otherwise provided herein it is understood and agreed that any buildings or other improvements placed upon the said land by the lessee become the property of the lessor upon termination or expiration of this lease.

On the face of this document the parties had inserted another provision dealing with improvements, which provided:

It is mutually understood and agreed that any improvements *owned* by the lessees may be removed by them at any time within 60 days after expiration of this lease. No additional units shall be added without the knowledge and consent of the Quileute Tribal Council. (Italics ours.)

In addition to examining this instrument offered as an exhibit, the trial court after trial of the action took judicial notice of certain contracts that purportedly showed that the buildings and improvements had been bought and sold by various tenants as personal property.

Thereafter the trial court found that the buildings and improvements to the Shoreline Resort were personalty of the lessees, as treated by all the interested parties; that since the buildings, improvements and miscellaneous furnishings were unaffected by any trust by the United States in favor of the Quileute Tribe, or the plaintiff, they were taxable by the county. The trial court further dissolved the temporary injunction restraining the tax sale and concluded that the above property could be levied upon and sold in satisfaction of the tax lien of the county. Judgment was entered accordingly. The plaintiff appeals.

The record discloses that the Quileute Tribe has submitted to the civil and criminal jurisdiction of the state of Washington in all respects; except, insofar as is pertinent here, the reservations contained in RCW 37.12.060 which is based on section 4(b) of Public Law 280 and provides:

Nothing in this chapter shall authorize the alienation, encumbrance, or taxation of any real or personal property, including water rights and tidelands, belonging to any Indian or any Indian tribe, band, or community *that is held in trust by the United States or is subject to a restriction against alienation imposed by the United States;* . . . or *shall deprive any Indian* or any Indian tribe, band, or community *of any right, privilege, or immunity afforded under federal treaty, agreement, statute, or executive order* with respect to Indian land grants . . . . (Italics ours.)

There is no dispute that under this statutory provision Clallam County is without jurisdiction to tax any property

that is subject to a trust or restriction on alienation imposed by the United States in favor of an Indian or an Indian tribe. The crucial issue is whether the buildings and improvements of the Shoreline Resort are personalty or part of the realty exempt from tax by reason of their character as trust property.

The plaintiff contends that the trial court erred in finding all of the buildings and improvements of the resort to be personalty unaffected by the trust imposed on the land and that such a finding is not supported by the evidence in the record.

■ We are unable to determine from the lease document in evidence whether the improvements made to the resort prior to 1961 became the property of the lessors and the cabins a part of the realty, upon expiration of the Nowalk-Westby lease in 1960, or whether they should be characterized as personalty of the plaintiff as a lessee. And since the contracts judicially noticed by the trial court are not before us, we are of the opinion that the cause must be remanded for a new trial so that this determination may be made from evidence introduced in the record.

In order to aid the trial court in retrial of this action, however, we will consider other assignments of error raised by the plaintiff.

The plaintiff contends that the trial court erred in failing to conclude that the use of the cabins and other miscellaneous personal property, in connection with the operation of a business by an Indian on tribal trust lands, is a part of the policy and program of the United States concerning Indians; that such use is to be regarded as an instrumentality of the federal government and exempt from state taxation as a substantial impediment or burden on a function of the federal government and interference with federal policies concerning Indians.

The record discloses that aside from the argument that the buildings are permanent improvements on the trust patent and subject to a federal restriction against alienation, there is no showing made by the plaintiff that she entered into this business endeavor pursuant to some fed-

eral program designed to further the economic rehabilitation of Indians or that the United States government exercised any jurisdiction over the Shoreline Resort under such a program. Absent this showing, we fail to see how taxation of the plaintiff, under these circumstances, constitutes any interference with established federal policy.

The plaintiff argues, however, that except for the error of the trial court in excluding the testimony of an official of the Bureau of Indian Affairs, she would have been able to show the existence and availability to her of various federal programs of technical and financial assistance; demonstrating the concern of the federal government with the economic rehabilitation of Indians on the Quileute reservation and elsewhere.

We think the trial court properly rejected this offer of proof. The conclusions of a Bureau official as to what the federal government's policy might be toward the plaintiff, had she requested assistance, are not material to the facts in issue; in the absence of a showing that some jurisdiction was exercised by the United States government over the Shoreline Resort under its program for economic rehabilitation of Indians on the reservation. See *Oklahoma Tax Comm'n v. Texas Co.*, 336 U.S. 342, 93 L. Ed. 721, 69 Sup. Ct. 561 (1949) and *Squire v. Capoeman,* 351 U.S. 1, 100 L. Ed. 883, 76 Sup. Ct. 611 (1956).

The judgment of the trial court is reversed and the cause remanded for a new trial on all issues. Costs will abide the final determination of the cause.

FINLEY, C. J., WEAVER, ROSELLINI, HAMILTON, HALE, and NEILL, JJ., concur.

HILL, J. (concurring specially)—I concur in the remand for a new trial on all issues, but not in the disposition of the assignments of error made by the majority "In order to aid the trial court in retrial of this action, . . . "

DONWORTH, J., concurs with HILL, J.